## CIRCUIT COURT OF FAIRFAX COUNTY

LaLene M. Tilson

   v.

Conley S. Tilson, Jr.

September 12, 2002

Case No. (Chancery) 170753

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

I am writing to modify and clarify my August 30, 2002, ruling in the above referenced matter. That ruling denied Mr. Tilson's motion to extend the time to file a written statement of facts, testimony, and other incidents of the case under Rule 5A:3 of the Rules of the Supreme Court of Virginia. Rule 5A:3 allows this court to extend the filing date "for good cause shown and to attain the ends of justice."

On August 30, 2002, I heard argument by Mr. Tilson's new counsel on why I should grant such leave to Mr. Tilson. At the conclusion of the argument, I denied the motion on the grounds that no good cause was shown and granting the motion would attain no ends of justice. I now modify that ruling as follows.

I find that good cause exists to allow a late filing of a written statement of facts, testimony, and other incidents of the case in that present counsel came into this case shortly after the trial was heard. It was represented that Mr. Tilson's trial counsel was away for many of the weeks following trial. (No order has been entered substituting new counsel or reflecting the withdrawal of trial counsel.) That constitutes good cause to grant an extension to new counsel to file the written statement. But I deny the motion for two reasons unrelated to new counsel's efforts. First, given Mr. Tilson's conduct before, during, and after the trial, no ends of justice would be attained by granting his motion. There was little apparent pre-trial preparation on Mr. Tilson's behalf. Mr. Tilson's inadequate responses to requests for admission were the subject

of a motion *in limine* at trial. Mr. Tilson's testimony at trial caused this court to question his credibility. He is already the subject of post-trial motions alleging his failure to abide by this court's orders. Second, like many equitable distribution trials, the evidence was lengthy and somewhat complicated. It is not possible for me to reconstruct from my notes all of the relevant testimony so as to allow the filing of a written statement of facts, testimony, and other incidents of trial that would fully reflect the trial. Mr. Tilson should have engaged the services of a court reporter to provide a transcript on appeal.

For these reasons, I am modifying my August 30, 2002, ruling.

### *Order Amending Denial of an Extension of Time to File Written Statement of Facts*

The 30th day of August 2002 came the parties on the defendant's motion, pursuant to Rules 5A:3 and 5A:8, for an extension of time to file a written statement of facts, testimony, and other incidents of the case. On August 30, 2002, the Court denied that motion. By this order, and for the modified reasons stated in the Court's letter of September 12, 2002, which is attached and incorporated by reference, the defendant's motion is denied. Pursuant to Rule 1:13, signature of counsel on this order is waived, a copy is sent to all trial and appellate counsel of record, and defendant's exceptions to the ruling are preserved.